UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                           :

GARRISON DRAMA LIMITED,                :

                   Plaintiff,     :

        v.                    :

BEE-CASSO HAT MAKER, BLEOUK,      :
CANGLEIOX,                    :
CHENGDUYIMEIERSHANGMAOYOUXIANGONGSI, :
DANZHAN, DONGRUO CO.LTD, EOPUING,  :
FIACAFYO, FISH FAIRY, FREEDOM LUCKY  :
STORE, FUYANGBEIXIONGSHANGMAOYOU  :
XIANGONGSI, G2TUP-US, GJTIM,     :
HAPPYCART EMPORIUM, HAPPYHAVENHUB,  :
HERYUUK, HOMEE, HYWYS, JUNLIANGSTORE, :
KUKUZHU STORE, KUQIN, LTTOISL,   :
MISTEROLINA,                 :
NIEHUAOCHAONGCSHENG31TIAN,    :
POULYUOVL, PULILIN,         :
PUYANGHUAMENGSHENSHANGMAOYOU   :
XIANGONGSI, QAQYU,          :
SHANGHAIQIANMOMAOYIYOUXIANGONGSI, :
SHENGMAN CO.LTD,           :
SHIJIAZHUANGXIAOYIANYINGTONGSHANG  :
MAOYOUXIANGONGSI, SHUNDONG CO.LTD,  :
TAIYUANYONGGESHANGMAO,      :
TAMIA, WSNANG, YQ-BUY, YUN CHENG,  :
ZENG5656 LIHAN AND ZITOUR,    :

                   :

          Defendants.    :

                   :

-------------------------------------------------------------------- X

**ORDER GRANTING**
**DEFAULT**
**JUDGMENT**

25 Civ. 2316 (AKH)

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Garrison Drama** | Garrison Drama Limited | N/A |
| **Defendants** | Bee-Casso Hat Maker, bleouk, cangleiox, chengduyimeiershangmaoyouxiangongsi, Danzhan, DONGRUO Co.Ltd, EOPUING, Fiacafyo, Fish Fairy, Freedom Lucky Store, fuyangbeixiongshangmaoyouxiangongsi, G2TUP-US, GJTIM, HappyCart Emporium, HappyHavenHub, Heryuuk, HOMEE, Hywys, JunLiangstore, Kukuzhu Store, KUQIN, Lttoisl, Misterolina, niehuaochaongcsheng31tian, Poulyuovl, PULILIN, puyanghuamengshenshangmaoyouxiangongsi, QAQYU, shanghaiqianmomaoyiyouxiangongsi, SHENGMAN Co.Ltd, shijiazhuangxiaoyianyingtongshangmaoyouxiangongsi, SHUNDONG Co.Ltd, TaiYuanYongGeShangMao, Tamia, WSNANG, YQ-BUY, yun cheng, Zeng5656 lihan and Zitour | N/A |
| **Defaulting Defendants** | Bee-Casso Hat Maker, chengduyimeiershangmaoyouxiangongsi, Danzhan, Fiacafyo, Fish Fairy, fuyangbeixiongshangmaoyouxiangongsi, Heryuuk, Hywys, JunLiangstore, Kukuzhu Store, niehuaochaongcsheng31tian, Poulyuovl, PULILIN, puyanghuamengshenshangmaoyouxiangongsi, shanghaiqianmomaoyiyouxiangongsi, shijiazhuangxiaoyianyingtongshangmaoyouxiangongsi, SHUNDONG Co.Ltd, TaiYuanYongGeShangMao, Zeng5656 lihan and Zitour | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Walmart Marketplace** | Walmart.com Marketplace, a Bentonville, Arkansas-based, online marketplace and e-commerce platform owned by Walmart Stores, Inc., a Delaware corporation, that allows | N/A |

i

| | manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | |
|---|---|---|
| **Sealing Order** | Order to Seal File entered on March 20, 2025 | 1 |
| **Complaint** | Plaintiff's Complaint filed on March 20, 2025 | 5 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 | N/A |
| **TRO Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on March 20, 2025 | 9-12 |
| **Söhngen Dec.** | Declaration of Nicole Söhngen in Support of Plaintiff's Application | 11 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 12 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on March 20, 2025 | 14 |
| **PI Order** | The Preliminary Injunction Order entered on April 2, 2025 | 13 |
| **Peaky Blinders Products** | Consumer products featuring the Peaky Blinders intellectual property (including the Peaky Blinders Mark), such as art works, cell phone cases, accessories, clothing, bags, hats, whiskey tumblers, pint glasses, glass steins, coffee mugs, a PlayStation game, among many others | N/A |
| **Peaky Blinders Registrations** | U.S. Trademark Registration No. 6,791,852 for "PEAKY BLINDERS" for a variety of goods in Classes 8, 9, 16, 21, 24, 28 and 41; 7,445,467 for "PEAKY BLINDERS" for a variety of goods in Classes 25, 32 and 33; 6,031,949 for "PEAKY BLINDERS" for a variety of goods in Class 34; and 4,847,718 for "PEAKY BLINDERS" a variety of goods in Class 25 | N/A |
| **Peaky Blinders Application** | U.S. Application No. 87/824,824 for "PEAKY BLINDERS" for a variety of goods in Classes 14 and 18 | N/A |

| | | |
|---|---|---|
| **Peaky Blinders Marks** | The marks covered by the Peaky Blinders Registrations and Peaky Blinders Application | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Peaky Blinders Mark, and/or products in packaging and/or containing labels bearing the Peaky Blinders Marks, and/or bearing or used in connection with marks that are confusingly similar to the Peaky Blinders Marks and/or products that are identical or confusingly similar to the Peaky Blinders Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon and/or Walmart Marketplace, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Amazon.com, Inc., Amazon Payments, Inc. ("Amazon Pay"), PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer") and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Amazon and Walmart Marketplace, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |

iii

| Plaintiff's Motion for Default Judgment | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on November 25, 2025 | TBD |
|---|---|---|
| Nastasi Aff. | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Peaky Blinders Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff as to the First and Second Causes of Action pleaded in the Complaint (trademark counterfeiting and trademark infringement).

## II.    Damages Awards

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded Fifty Thousand U.S. Dollars ($50,000.00) in statutory damages against each of twenty (20) Defaulting Defendants: Bee-

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

1

Casso Hat Maker, chengduyimeiershangmaoyouxiangongsi, Danzhan, Fiacafyo, Fish Fairy, fuyangbeixiongshangmaoyouxiangongsi, Heryuuk, Hywys, JunLiangstore, Kukuzhu Store, niehuaochaongcsheng31tian, Poulyuovl, PULILIN, puyanghuamengshenshangmaoyouxiangongsi, shanghaiqianmomaoyiyouxiangongsi, shijiazhuangxiaoyianyingtongshangmaoyouxiangongsi, SHUNDONG Co.Ltd, TaiYuanYongGeShangMao, Zeng5656 lihan and Zitour pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.    Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Peaky Blinders Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Peaky Blinders Marks;

   B. operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

   C. directly or indirectly infringing in any manner Plaintiff's Peaky Blinders Marks;

   D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Peaky Blinders Marks to identify any goods or services not authorized by Plaintiff;

2

E.  using Plaintiff's Peaky Blinders Marks and/or any other marks that are confusingly similar to the Peaky Blinders Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

F.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

G.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

3

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks or other rights including, without limitation, the Peaky Blinders Marks, or bear any marks that are confusingly similar to the Peaky Blinders Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. operation of Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

   B. instructing, aiding, or abetting any other person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H) and III(3)(A) and III(4)(A) above, including without limitation, by providing services necessary for

4

Defendants to continue operating Defendants' User Accounts and Merchant Storefronts in violation of this Order.

### IV.   Dissolution of Rule 62(a) Stay and Asset Turnover Motion

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30-day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiff will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of its intention not to proceed with a request for an asset turnover so the case may be closed.

### V.   Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

SO ORDERED,

1/13/26

HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE
January 13 2026